# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY HALL,<br>    *Plaintiff*,<br><br>v.<br><br>STAMM, *et al.*,<br>    *Defendants*. | No. 3:17-cv-00787 (JAM) |

## INITIAL REVIEW ORDER

Plaintiff Jeffrey Hall is a prisoner in the custody of the Connecticut Department of Correction. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983. Plaintiff alleges that defendants deprived him of his right to vote when he was a pretrial detainee in 2014. Based on my initial review pursuant to 28 U.S.C. § 1915A, I conclude that the complaint should be served on two of the five defendants.

### BACKGROUND

Plaintiff's original complaint (Doc. #1) was filed on May 12, 2017. He filed an amended complaint on May 25, 2017 (Doc. #8). Plaintiff's motion to proceed *in forma pauperis* was granted by the Court on June 7, 2017.

The following allegations from plaintiff's amended complaint are accepted as true for purposes of the Court's initial review. Plaintiff was held as a pretrial detainee at Northern Correctional Institution from August through November 2014. On August 15, 2014, plaintiff submitted an Inmate Request Form to defendant Counselor Stamm seeking assistance in voting. Stamm laughed at plaintiff and refused to help him. Doc. #8 at 4 (¶¶ 1–2).

On September 5, 2014, plaintiff received a letter from the American Civil Liberties

Union stating that he was eligible to vote under Connecticut General Statutes § 9-14a.[1] On September 8, 2014, plaintiff wrote to Stamm and to defendant Counselor Supervisor Bachen seeking assistance in voting. They laughed at him. The following day, plaintiff filed a grievance against Bachen. *Id.* (¶¶ 3–5).

While the grievance against Bachen was pending, plaintiff received an acceptance of application to vote from David McCaffrey, the Registrar of Voters in Somers, Connecticut. He also communicated with Sharon Krawiecki, the Registrar of Voters in Bristol, Connecticut. On October 18, 2014, Correctional Officer Moses, who is not a defendant in this case, told plaintiff it was too late to vote and coerced plaintiff into withdrawing his grievance against Bachen. *Id.* (¶¶ 6–8).

On October 24, 2014, defendant Jane Doe placed an application for an absentee ballot under plaintiff's door. Plaintiff completed the application and sent it to Ann Marie Logan, the Somers Town Clerk. On November 4, 2014, plaintiff signed for his absentee ballot. Defendant Ferguson "could not stop laughing." Plaintiff completed the absentee ballot and gave it to defendant Correctional Officer John Doe to mail. *Id.* (¶¶ 9–11).

On November 11, 2014, plaintiff received a letter from Town Clerk Logan stating that his ballot had been received too late to be accepted.[2] On January 12, 2015, plaintiff wrote to the Connecticut State Election Enforcement Commission describing what had happened. Almost two years later, on November 7, 2016, plaintiff received a packet from Commission Chairman

---

[1] Conn. Gen. Stat. § 9-14a provides: "Any person in the custody of the state being held at a community correctional center or a correctional institution, whose voting rights have not been denied, shall be deemed to be absent from the town or city of which he is an inhabitant for purposes of voting, notwithstanding that such center or institution may be situated within such town or city."

[2] Election Day was Tuesday, November 4, 2014. *See* 2 U.S.C. § 7 (Election Day is the first Tuesday after the first Monday in November in every even-numbered year).

Anthony J. Castagno stating that correctional staff were at fault. *Id.* (¶¶ 12–14).

### DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "pro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

### *Equal Protection Claim*

Plaintiff asserts that although he was legally eligible to vote in the November 2014 election, he was "discouraged, ridiculed, and outright blocked from voting by defendants." Doc. #8 at 4 (¶ 15). Plaintiff does not identify the source of his claim, but the Court construes plaintiff's complaint as alleging a violation of his fundamental right to vote, under the Equal Protection Clause of the Fourteenth Amendment.

The Supreme Court has long recognized the right to vote as a "fundamental political right, because [it is] preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356, 370 (1886). Indeed, "the Constitution of the United States protects the right of all qualified citizens to vote, in state as well as in federal elections." *Reynolds v. Sims*, 377 U.S. 533, 554 (1964). Although

3

Section 2 of the Fourteenth Amendment permits states to deny this right to people who have been convicted of felonies, *see Richardson v. Ramirez*, 418 U.S. 24, 54 (1974), pretrial detainees fall in a different category because they have not yet been convicted. The Supreme Court has specifically recognized that the Equal Protection Clause guarantees a pretrial detainee's right to vote. *See O'Brien v. Skinner*, 414 U.S. 524, 529–30 (1974) (government must provide absentee ballots to pretrial detainees if they have no alternative means of voting).

Plaintiff alleges that defendants Stamm and Bachen refused to help him obtain an absentee ballot when he sought their assistance as a pretrial detainee. At this stage of litigation, the Court concludes that plaintiff has set forth a plausible claim against defendants Stamm and Bachen for impeding his right to vote, in violation of the Equal Protection Clause. *See, e.g.*, *Long v. Pierce*, 2016 WL 912685, at *5 (S.D. Ind. 2016) (finding that allegations stated an Equal Protection claim where pretrial detainee alleged that he asked jail commander for a ballot and jail commander said that he would figure it out but never followed up).

### *Claims against Ferguson, John Doe, and Jane Doe*

In addition to Stamm and Bachen, plaintiff also names Correctional Officers Ferguson, John Doe and Jane Doe as defendants. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). Plaintiff alleges that Jane Doe provided him with the application for an absentee ballot, that Ferguson laughed when plaintiff signed for his absentee ballot, and that plaintiff gave the absentee ballot to John Doe for mailing. Plaintiff fails to allege that any of these defendants interfered with his attempts to vote or that their actions delayed the receipt of his absentee ballot. Plaintiff alleges that he received the absentee ballot on

4

November 4, 2014, which was Election Day; he then completed the ballot and gave it to Officer John Doe to mail. The ballot could not have been mailed any earlier than November 4, 2014, and thus could not have been timely received by the Town Clerk regardless of any actions by John Doe. The claims against defendants John Doe, Jane Doe and Ferguson are therefore dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

*Denial of Medical Care*

In his request for relief, plaintiff implies that his medical care was suspended in connection with his attempts to vote. See Doc. #8 at 5 ("$100,000 would cover the eight weeks of ridicule and humiliation that included my medical care being suspended."). It is not clear whether plaintiff seeks to allege a separate claim related to this denial of medical care (*e.g.*, retaliation, or deliberate indifference to a serious medical need). To the extent that plaintiff is attempting to allege a claim related to the denial of medical care, plaintiff has not provided any facts to support this claim, nor has he identified any defendants responsible for the alleged deprivation. Any such claim is therefore dismissed pursuant to 28 U.S.C. § 1915A(b)(1). If plaintiff wishes to amend his complaint to add a claim (and supporting facts) related to the denial of medical care, he shall do so within thirty days.

## CONCLUSION

In accordance with the foregoing analysis, the Court enters the following orders:

(1)     The claims against defendants John Doe, Jane Doe and Ferguson are **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Any claims related to the denial of medical care are also dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1). If plaintiff wishes to file a second amended complaint, he shall do so within thirty days, by

5

September 7, 2017. Plaintiff's equal protection claim will proceed against defendants Stamm and Bachen.

(2)     **The Clerk shall** verify the current work addresses for defendants Stamm and Bachen with the Department of Correction Office of Legal Affairs. The Clerk shall then mail waiver of service of process request packets containing the Complaint to the defendants within **twenty-one (21) days** of this Order, and report to the Court on the status of the waiver request on the thirty-fifth (35) day after mailing. If either defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshal Service.

(3)     **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(4)     **The Clerk shall** send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver forms are sent. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above. They also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order. Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8) Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9) If plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Plaintiff should also notify defendants or counsel for defendants of his new address.

(10) Plaintiff shall utilize the Prisoner Efiling Program when filing documents with the Court.

It is so ordered.

Dated at New Haven this 8th day of August 2017.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

.